| |
|---|
| **Marsh USA LLC v Hanrahan** |
| 2025 NY Slip Op 32144(U) |
| June 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652798/2025 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

MARSH USA LLC and MARSH & MCLENNAN
COMPANIES, INC.,

                                        Plaintiffs,

                            - v -

GARRETT HANRAHAN, JOHN ANDREWS, and WILLIS
TOWERS WATSON US LLC,

                                        Defendants.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652798/2025 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 98, 99, 100, 101, 108

were read on this motion to/for                    SEAL                    .

In motion sequence number 008, plaintiffs Marsh USA LLC and Marsh &

McLennan Companies, Inc., (collectively Marsh) move pursuant to the Uniform Rules of

the New York State Trial Courts (22 NYCRR) § 216.1, to redact the following

documents:

1.  Plaintiffs' reply memorandum of law (NYSCEF Doc. No. [NYSCEF] 75[1])

2.  May 9, 2025, email chain (NYSCEF 78[2])

3.  Affirmation of Brian Anderson (NYSCEF 80[3])

4.  Affirmation of David Ekes (NYSCEF 82[4])

5.  Affirmation of Michael McCray (NYSCEF 84[5])

---

[1] A publicly redacted version is filed at NYSCEF 76.
[2] A publicly redacted version is filed at NYSCEF 79.
[3] A publicly redacted version is filed at NYSCEF 81.
[4] A publicly redacted version is filed at NYSCEF 83.
[5] A publicly redacted version is filed at NYSCEF 85.

[* 1]

6.  Affirmation of Richard Duncan (NYSCEF 86[6])

7.  Affirmation of Richard Michaels (NYSCEF 88[7])

8.  Affirmation of Richard Nocella (NYSCEF 90[8])

9.  Affirmation of Stephen Murray (NYSCEF 92[9])

10. Affirmation of Brian Glod (NYSCEF 94[10])

The motion is unopposed.  There is no indication that the press or public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records."  (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes."  (*Id.* at 349.)  For example, §216.1 (a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause and provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."  (Uniform Rules for Trial Cts [22 NYCRR] § 216.1.)

---

[6] A publicly redacted version is filed at NYSCEF 87.
[7] A publicly redacted version is filed at NYSCEF 89.
[8] A publicly redacted version is filed at NYSCEF 91.
[9] A publicly redacted version is filed at NYSCEF 93.
[10] A publicly redacted version is filed at NYSCEF 95.

**652798/2025  MARSH USA LLC ET AL vs. HANRAHAN, GARRETT ET AL**                                        **Page 2 of 4**
   **Motion No.  008**

[* 2]

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

**Discussion**

Marsh seeks to seal NYSCEF 75, 78, 80, 82, 84, 86, 88, 90, 92 and 94, asserting that those documents contain the identities of Marsh's clients, prospective clients, and the names of high-level employees of those clients, which if disclosed would harm their competitive business advantage. In the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350-351 [citations omitted].) The proposed redactions are warranted as disclosure of the clients' names and contact individuals may threaten the competitive advantage of defendants who are in the business of insurance brokerage. Additionally, there appears to be no compelling public interest in these names.

Accordingly, it is

ORDERED that motion sequence 008 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 75, 78, 80, 82, 84, 86, 88, 90, 92 and 94; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of

652798/2025   MARSH USA LLC ET AL vs. HANRAHAN, GARRETT ET AL        Page 3 of 4
  Motion No.  008

3 of 4

record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movants shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for the purposes of trial or other court proceedings on the record, e.g. arguments on motions.

| | | |
|---|---|---|
| **6/15/2025** | | |
| **DATE** | | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**652798/2025   MARSH USA LLC ET AL vs. HANRAHAN, GARRETT ET AL**
**Motion No.  008**

**Page 4 of 4**

4 of 4